IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,
          Plaintiff,

v.

CHERYL SCHWARZWAELDER,
          Defendant.

11-cv-0107
Lead Case

**ELECTRONICALLY FILED**


CHERYL SCHWARZWAELDER,
          Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH INC.,
          Defendant.

11-cv-0162
Member Case

## **MEMORANDUM OPINION**

### I. Introduction

In January 2011, a Financial Industry Regulatory Authority ("FINRA") arbitration panel entered an award, in favor of Merrill Lynch, in a matter captioned *Schwarzwaelder v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, FINRA No. 04-04184 (Jan. 6, 2011). On January 27, 2011, Plaintiff Merrill Lynch ("Merrill Lynch") initiated the current civil action and moved this Court to confirm the arbitration award and enter final judgment in its favor. Doc. No. 1. Subsequently, on February 7, 2011, Defendant Cheryl Schwarzwaelder ("Schwarzwaelder") sought an Order from this Court in 11-cv-0162 vacating the same arbitration award. Doc. No. 2. On February 10, 2011, upon Joint Motion to Consolidate Cases by both parties, 11-cv-0162 was consolidated with 11-cv-0107.

Because there is complete diversity between the parties (Plaintiff is a Delaware corporation with its principal place of business in New York, and Defendant is a resident of Pennsylvania) and the amount in controversy is greater than $75,000, exclusive of interest and costs, the Court has jurisdiction over these actions pursuant to 28 U.S.C. §1332(a). For the reasons discussed below, the judgment of the arbitration panel will be vacated.

**II. Factual Background**

On December 15, 2004, Schwarzwaelder filed a claim under ERISA for long-term disability benefits. 04-cv-01879, Doc. No. 1. On March 9, 2009, Judge McVerry, of this Court, granted summary judgment in favor of Schwarzwaelder. *See Schwarzwaelder v. Merrill Lynch & Co., Inc.*, 606 F. Supp. 2d 546 (W.D. Pa. 2009), 04-cv-01879, Doc. No. 95. Schwarzwaelder was awarded long-term disability benefits from Merrill Lynch arising out of an employment relationship between the parties that began in November 2002. *Id*.

While an appeal of that determination was pending before the United States Court of Appeals for the Third Circuit, the parties entered into a settlement agreement on November 9, 2009, whereby all claims of the parties against each other were settled and released save certain specifically excepted claims, which the parties agreed to arbitrate before the FINRA. *See Schwarzwaelder*, FINRA No. 04-04184, at 5. Those excepted claims – including claims regarding a loan from Merrill Lynch to Schwarzwaelder – were the subject of the FINRA arbitration.

At the beginning of her employ at Merrill Lynch, Schwarzwaelder was given a loan of $850,000.00. Doc. No. 24, Ex. B ("Promissory Note"). The Promoissory Note signed by the parties set forth that during the course of her employment with Merrill Lynch, Schwarzwaelder would receive "monthly transition compensation payments" equal (before taxes) to the monthly

2

payment due under the Promissory Note. Doc. No. 24, Ex. C, at 2-3 ("Employment Agreement").[1] According to Schwarzwaelder's employment agreement, she would receive any remaining monthly transition compensation payments in a lump sum if she was terminated without cause or in the event of her "death or disability (as defined in the Merrill Lynch & Co. Long Term Disability Plan)." *Id*. at 3. In the event Schwarzwaelder resigned or was terminated for cause, she would not be entitled to such a lump sum payment and would therefore have to pay the remaining amount due under the Promissory Note out of her own funds. *See id*.

The FINRA arbitrators ultimately asserted that Schwarzwaelder failed to make a claim during the arbitration for the monthly transition compensation payments and that, in any event, "any such claim was waived by the terms of the Settlement and Release dated 11/25/09, since the monthly transition payments were not an excepted claim." *See Schwarzwaelder*, FINRA No. 04-04184, at 7. The arbitrators determined that Schwarzwaelder owes Merrill Lynch $708,790.00 on the Promissory Note, plus interest, from May 1, 2006 to December 8, 2010 in the amount of $154,871.00. *See id*. Because the arbitrators also found that Merrill Lynch owes Schwarzwaelder, $319,417.00, they found Schwarzwaelder's final obligation to Merrill Lynch to be $544,244.00. *See id*. This arbitration award is the basis of the present action.

**III. Standard of Review**

Vacatur of an arbitration award is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16. The statute provides four grounds for vacatur:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-

---

[1] All citations to the docket refer to the ECF page numbers, not the individual pages numbered by counsel before they were filed.

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

According to the United States Court of Appeals for the Third Circuit, where a party seeks vacation on the basis that the arbitrators "exceeded their powers" pursuant to 9 U.S.C. § 10(a)(4), the Court must "'determine if the form of the arbitrators' award can be rationally derived either from the agreement between the parties or from the parties['] submissions to the arbitrators.'" *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 295 (3d Cir. 2010) (quoting *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.*, 868 F.2d 52, 56 (3d Cir. 1989)). Furthermore, an arbitration award cannot be overturned on this ground unless it is "'completely irrational.'" *Id.* As set forth by the United States Court of Appeals for the Third Circuit, this irrationality standard of review is quite deferential, as "'there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award.'" *Ario*, 618 F.3d at 295-96 (quoting *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995)).

4

## IV. Discussion

Schwarzwaelder asserts that the arbitration award should be vacated because the arbitrators "exceeded their powers" in violation of 9 U.S.C. § 10(a)(4).[2] 11-cv-0162, Doc. No. 2 ¶ 38. Specifically, Schwarzwaelder argues that the arbitrators exceeded their powers by failing to reduce her obligation to Merrill Lynch under the promissory note by the amount of the monthly transition compensation payments she accrued while disabled.[3] 11-cv-0162, Doc. No. 2, ¶ 38. Merrill Lynch contends, in the converse, that the arbitrators did not exceed their powers because "[t]he arbitrators' Award is rationally derived from the parties' arbitration agreement (i.e. the FINRA Code) and the parties' submissions, and is rational in its terms." Doc. No. 24, at 30.

    A.    *Schwarzwaelder Appropriately Raised the Unpaid Monthly Transition Compensation Payments as a Defense Before the FINRA Arbitrators*

Contrary to Merrill Lynch's arguments that Schwarzwaelder waived the issue of the unpaid monthly transition compensation payments, the Court notes that Schwarzwaelder raised

---

[2] Merrill Lynch notes that Schwarzwaelder also asserts the award should be vacated because the arbitrators "manifestly disregarded the law." 11-cv-0162, Doc. No. 2 ¶ 38. This Court has read the United States Supreme Court's opinion in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), as prohibiting reliance on this judicially constructed ground. *See Martik Bros., Inc. v. Kiebler Slippery Rock, LLC*, No. 08-1756, 2009 WL 1065893, at *2 n.2 (W.D. Pa. Apr. 20, 2009) ("The United States Supreme Court recently explained that the statutory grounds are exclusive, rejecting the widely held judicial view that another ground was implicit in the F[ederal Arbitration Act], namely, where the arbitration award was made in 'manifest disregard of the law.'") (citing *Hall Street*, 552 U.S. at 585). In a 2010 case, the Supreme Court declined to decide whether the "manifest disregard" theory survives after *Hall Street*. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1768 n.3 (2010). Accordingly, the Court will follow its prior decision in *Martik* and will not consider Schwarzwaelder's arguments based on a "manifest disregard of the law" theory.

[3] Schwarzwaelder further argues that the arbitrators erred in denying her Motion for Summary Judgment, 11-cv-0162, Doc. No. 2, at 22, and in refusing to hear certain relevant evidence. *Id*. at 34. Because the Court is persuaded by Schwarzwaelder's arguments regarding the monthly transition compensation payments she accrued while disabled, it will not address these alternative arguments.

the issue before the FINRA panel, as a defense in her Answer to Merrill Lynch's Counterclaim for payment on the Promissory Note. 11-cv-0162, Doc. No. 2 Ex. 15, at 6 (noting that the Employment Agreement "specifically commits Merrill to the payment of any outstanding transition compensation payment through November 2007 in the event of Schwarzwaelder's disability"). However, according to the decision of the arbitration panel, "the allegedly offsetting monthly transition compensation payments, as outlined in the Agreement, were not a defense to the Promissory Note, but rather an affirmative claim that should have been plead as such." Doc. No. 24, at 15 (quoting arbitration transcript).

When read together, however, the Promissory Note and the Employment Agreement created a "forgivable loan" – a common device in the securities industry that is essentially a signing bonus with a penalty feature to ensure a new employee will not leave a company until sufficient time has elapsed that the "loan" has been repaid with the company's money. *See Gedatus v. RBC Dain Rauscher, Inc.*, No. 07-1750, 2008 WL 216297, at *1 (D. Minn. Jan. 23, 2008) ("[Securities firm] agreed to loan Petitioner $759,307, secured by a promissory note signed by Petitioner. The employment agreement and promissory note further provided that Petitioner's indebtedness for the loan would be forgiven in equal monthly installments, over a 72 month term, on the condition that Petitioner maintain continuous employment."); *Hopgood v. Merrill Lynch, Pierce, Fenner & Smith*, 839 F. Supp. 98, 100 (D.P.R. 1993) (example of "forgivable loan" by Merrill Lynch). While the loan to Schwarzwaelder seemingly differs from other forgivable loans, in that it contemplated a monthly payment from Merrill Lynch to Schwarzwaelder followed by Schwarzwaelder's return of that amount to meet her obligations under the promissory note, the result is the same as in the other cases previously cited.

6

The assertion that a loan has been forgiven is routinely viewed as a defense (*i.e.* an affirmative defense), not a claim that must be plead separately. *See, e.g.*, F.R.C.P. 8(c)(1); *Wilmington Trust Co. v. Caucus Distributors, Inc.*, No. 86-5148, 1987 WL 7854, at *1 (E.D. Pa. 1987) (characterizing forgiveness of loan as affirmative defense). Because of the arbitration panel's determination that Schwarzwaelder could not assert the unpaid monthly compensation payments as an affirmative defense, this Court concludes that the arbitration panel inappropriately separated Schwarzwaelder's obligation under the Promissory Note from Merrill Lynch's obligation under the Employment Agreement to forgive Schwarzwaelder's debt through the monthly compensation payments. As such, the Court finds that even under the deferential standard of review, the arbitrators' conclusion cannot be "rationally derived" from a reading of the Employment Agreement in conjunction with the Promissory Note. *See Ario*, 618 F.3d at 295.

> B. *The Settlement Agreement Did Not Prohibit Schwarzwaelder from Raising Defenses to any Action by Merrill Lynch on the Promissory Note*

The Court further finds that the arbitrators' decision otherwise cannot "be rationally derived . . . from the parties['] submissions to the arbitrators," *Ario*, 618 F.3d at 295, on the basis of the parties' Settlement Agreement, which specifically excepted Merrill Lynch's claim on Schwarzwaelder's Promissory Note and did not prohibit the parties from defending excepted claims. 11-cv-0162, Doc. No. 2 Ex. 4, at 4-5 ("Settlement Agreement"). It is clear from the record that the monthly transition compensation payments were important to Schwarzwaelder only insofar as they allowed her to pay the amount due to Merrill Lynch under the Promissory Note. In other words, the monthly transition compensation payments would have been double payment to Schwarzwaelder unless they were applied to reduce her obligation under the

Promissory Note. Any request for the monthly payments must therefore be construed as a defense to Merrill Lynch's claim on the promissory note for the purposes of the November 2009 Settlement Agreement.

  C. *The Clear Terms of the Employment Agreement Support Schwarzwaelder's Claim for Monthly Compensation Payments to Reduce Her Obligation Under the Note*

The arbitration panel also stated that even if Schwarzwaelder's claim for monthly transition compensation payments had been excepted from the settlement agreement and properly presented, "the clear terms of the Employment Agreement appear not to support such a claim." *Schwarzwaelder*, FINRA No. 04-04184, at 7. Yet, as noted above, the Employment Agreement states that Schwarzwaelder lost her entitlement to the monthly compensation payments only upon her resignation or termination for cause, and that she became entitled to the payments in a lump sum if she became disabled while a Merrill Lynch employee. Doc. No. 24 Ex. C, at 3. In that Judge McVerry determined that Schwarzwaelder was entitled to two years of long-term disability benefits from Merrill Lynch beginning in May of 2004, he implicitly made two additional determinations: first, that Merrill Lynch carried Schwarzwaelder as an employee until at least May 2006; and second, that Schwarzwaelder became disabled while a Merrill Lynch employee. *See Schwarzwaelder*, 606 F. Supp. 2d 546, at 548 (granting summary judgment in favor of Schwarzwaelder's request for "long-term disability benefits commencing May 3, 2004").

The arbitrators recognized that by accepting Judge McVerry's opinion, they also acknowledged that Schwarzwaelder was a Merrill Lynch employee until at least May 2006. 11-cv-0162, Doc. No. 2, at 31 (noting statement of arbitration chairperson that "'certainly, as of 2003 she was not [separated from Merrill Lynch], and 2004 she was not [separated], and up until

8

2006 she was not [separated] because she was on long-term disability'") (quoting arbitration transcript). From that conclusion, it follows logically that Schwarzwaelder became disabled while working for Merrill Lynch. Nonetheless, the arbitration panel held that Schwarzwaelder's Employment Agreement did not support her request for transitional compensation payments – either in a lump sum due to her disability or due to the fact she was a Merrill Lynch employee until May 2006. The Court again reiterates the deference with which a District Court must review an arbitration award. Yet where, as here, the award does not follow its own internal logic, it is "completely irrational," *Ario*, 618 F.3d at 295, and must be vacated.[4]

   **D. Conclusion**

For the reasons discussed above, the award of the arbitration panel will be vacated. Upon remand, the arbitration panel is instructed, first, to calculate the amount of unpaid monthly transition compensation payments due to Schwarzwaelder due to either: 1) the fact that she became disabled while a Merrill Lynch employee; or 2) the fact that she was a Merrill Lynch employee until at least May 2006. The panel is further instructed to reduce the amount due from Schwarzwaelder to Merrill Lynch accordingly.

An appropriate Order follows.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[4] While the Federal Arbitration Act permits this Court to vacate the arbitrators' award, it does not permit the Court to modify the award under the circumstances of this case. *Compare* 9 U.S.C. §10(a) (permitting vacatur of arbitration award where, as here, arbitrators have exceeded their powers) *with* 9 U.S.C. §11 (permitting a district court to modify an arbitration award only where there was a ministerial miscalculation of figures, "the arbitrators have awarded upon a matter not submitted to them," or "the award is imperfect in matter of form not affecting the merits of the controversy"). Therefore, vacatur is the appropriate remedy in this case.