IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

                                                        11-cv-0107

Plaintiff,                                      Lead Case

                                                        **ELECTRONICALLY**

v.                                                       **FILED**

CHERYL SCHWARZWAELDER,

Defendant.

CHERYL SCHWARZWAELDER,

                         Plaintiff,                             11-cv-0162

                                                         Member Case

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH INC.,

                         Defendant.

## <u>MEMORANDUM ORDER OF COURT</u>

### I. Introduction

       The United States Court of Appeals for the Third Circuit remanded this case for entry of

judgment confirming an arbitration award in favor of Merrill Lynch, Pierce, Fenner, & Smith

Incorporated ("Merrill Lynch") and against Cheryl Schwarzwaelder ("Schwarzwaelder").  This

Court ordered Merrill Lynch to submit a Proposed Order implementing the Mandate of the

United States Court of Appeals for the Third Circuit.  Text Order of 3/1/13.[1]  Merrill Lynch

submitted its Proposed Order (Doc. No. 46), which Schwarzwaelder has objected to (Doc No.

49).  Merrill Lynch filed a Reply on March 13, 2013.  Doc. No. 50.  Schwarzwaelder filed a Sur-

---

[1] All docket entries refer to 11-cv-107 unless otherwise specified.

Reply.  Doc. No. 55.  For the reasons set forth below, the Court finds that Merrill Lynch is not

entitled to attorneys' fees but is entitled to interest from the date of the arbitration award.

## II. Discussion

### A. Attorneys' Fees

Merrill Lynch only seeks attorneys' fees related to this action, and not attorneys' fees

associated with the FINRA arbitration.  Doc. No. 50, 2-4.  However, "[c]laims for attorney fees

are items of special damage which must be specifically pleaded . . . ." *Maidmore Realty Co. v.*

*Maidmore Realty Co.*, 474 F.2d 840, 843 (3d Cir. 1973) (citation omitted); *Mumford v. GNC*

*Franchising LLC*, 2007 WL 3003798, *3 n.1 (W.D. Pa. Oct. 11, 2007) (Conti, J.); *Powers v.*

*Purolator Armored, Inc.*, 1983 WL 2144, *5 n.10 (W.D. Pa. Aug. 3, 1983) (Bloch, J.).  The

Complaint that was filed by Merrill Lynch (Doc. No. 1) did not seek attorneys' fees.  Thus,

Merrill Lynch has waived any right to seek attorneys' fees in this litigation.  See Fed. R. Civ. P.

9(g).  Accordingly, Merrill Lynch's belated request for attorneys' fees will be denied.

### B. Interest

Schwarzwaelder argues that Merrill Lynch is not entitled to interest on the award and that

the rate should be established by 28 U.S.C. § 1961 if interest is assessed.  FINRA Rule 13904(j)

provides that:

> All monetary awards shall be paid within 30 days of receipt unless a motion to
> vacate has been filed with a court of competent jurisdiction. An award shall bear
> interest from the date of the award . . . . If the award is the subject of a motion to
> vacate which is denied . . . . Interest shall be assessed at the legal rate, if any, then
> prevailing in the state where the award was rendered, or at a rate set by the
> arbitrator(s).

The United States District Court for the District of South Carolina was presented with

this exact issue (*i.e.*, how interest should be awarded when a District Court confirms a FINRA

arbitration award).  As that Court stated, "[Rule 13904(j)] clearly requires that interest on an

award be paid from the date of the award when there is a motion to vacate that is denied." *Wachovia Secs., LLC v. Brand*, 2010 WL 4366833, *1 (D. S.C. Oct. 27, 2010).   Furthermore, "FINRA Rule 13904(j) requires this Court to look to [Pennsylvania] law to determine the 'prevailing' interest rate to apply."  *Id*.

This interpretation is consistent with the United States Court of Appeals for the Third Circuit's practice.  In *Andorra Servs., Inc. v. Venfleet, Ltd.*, 355 F. App'x 622 (3d. Cir. 2009), the Court held that an interest rate exceeding that set forth in Section 1961 could be imposed by an arbitrator.  *Id*. at 628-29.

Other United States Courts of Appeals have addressed the interaction of arbitration awards and 28 U.S.C. § 1961 in the same manner.  For example, the United States Court of Appeals for the Tenth Circuit has held that the interest rate may be decided by an arbitration panel if the parties have contracted to a specified rate.  *Newmont U.S.A. Ltd., v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1275-76 (10th Cir. 2010).  The Court further held that it was improper for the District Court to impose the Section 1961 interest rate in place of the rate that was determined in arbitration.  *Id*.  Similarly, the United States Court of Appeals for the Second Circuit has held that parties may contract for an interest rate different from that set forth in Section 1961.  *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004); *see also Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Grp., Inc.*, --- F. App'x ---, 2012 WL 6622708, *6 (4th Cir. Dec. 20, 2012).

In this case, the parties agreed to be bound by the FINRA rules which mandate that any judgment not paid within 30 days accrues interest at the state statutory rate, unless the arbitration panel sets a different rate.  As the panel chose not to set a different rate, the arbitration panel implicitly awarded interest at the Pennsylvania statutory rate of 6%.  This Court does not have

the authority to alter that award based upon the Opinion of the United States Court of Appeals for the Third Circuit because the Mandate was limited to confirming the award.  Thus, interest will be awarded at the rate of 6% from the date of the arbitration award until the entry of judgment in this case and then at the rate established by Section 1961 henceforth.

**III. Order**

AND NOW, this 21st day of March, 2013, having received the Mandate of the United States Court of Appeals for the Third Circuit directing this Court to enter an Order confirming the arbitration award, IT IS HEREBY ORDERED that:

(1) Schwarzwaelder's Petition to Vacate Arbitration Award (11-cv-162, Doc. No. 1) is **DENIED**; and

(2) Merrill Lynch's Motion to Confirm Arbitration Award and for Entry of Final Judgment (11-cv-0107, Doc. No. 1) is **GRANTED**.  The arbitration award entered at FINRA Case No. 04-04184 is hereby **CONFIRMED**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties